IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | | |
|---|---|---|
| KRISTY MARKEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.: |
| | ) | |
| BRIDGESTONE RETAIL OPERATIONS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

NOW COMES, plaintiff, Kristy Marken by and through her attorney Stephen T. Fieweger, P.C. and for her Complaint and Jury Demand against the defendant Bridgestone Retail Operations, LLC (hereinafter referred to as "Bridgestone") and in support there states as follows:

**Common Allegations**

1. Kristy Marken at all times relevant to this cause of action resided in Davenport, Scott County, Iowa.

2. That the defendant Bridgestone is a company that operates retail tire and automotive service stores in Scott County, Iowa.

3. That Kristy was employed by Bridgestone from August 25, 2016 until December 5, 2019. At the time of her termination Kristy had been a store manager for Bridgestone's Tire Plus Store in Davenport, Iowa.

4. That Kristy has timely filed her charge of discrimination with the United States Equal Employment Opportunity Commission and has received a right to sue letter. **Exhibit 1**, a true and correct copy of the dismissal and notice of right to sue is attached hereto and made a

part of this complaint. Kristy has exhausted her administrative remedies prior to the filing of this lawsuit.

## Count I – Disparate Pay Equal Pay Act

1-4. For Count I of her complaint against the defendant Bridgestone plaintiff states as follows: Plaintiff repeats and realleges paragraphs 1 through 4 of the common allegations as paragraphs 1 through 4 herein.

5. That as a female store manager plaintiff was paid less than similarly situated male store managers in her territory or region.

6. That plaintiff Kristy Marken performed all the same job duties and responsibilities as the male store managers who were paid more for the exact same duties they performed that she performed.

7. That the defendant Bridgestone discriminated on the basis of sex in failing to pay her as much as the similarly situated male store managers.

8. That as a direct and proximate result plaintiff has sustained damages equal to the amount she was underpaid from the time in which she was employed as a store manager until the time of her termination on December 9, 2019.

9. That the defendant offered Kristy a service manager position on or about December 9, 2019, at a rate of pay which was less than what it was paying male service managers in that same or similar position.

10. That plaintiff is entitled to recover compensatory damages consisting of emotional distress and is entitled to recover her attorney's fees and the costs of this action.

WHEREFORE, plaintiff Kristy Marken hereby requests this court enter a judgment under Count I of her complaint against the defendant Bridgestone in an amount equal to her underpayment and award for compensatory damages and recovery of attorney's fees and the costs of this action.

### Count II – Sex Discrimination in Employment

1-4. And for Count II of her complaint at law plaintiff Kristy Marken states as follows: plaintiff repeats and realleges paragraphs 1 through 4 of the common allegations as paragraphs 1 through 4 herein.

5. That the defendant was notified by plaintiff of the ethics violation by another worker who was performing service work for customers and not charging the customers for that work under Bridgestone's policies. That plaintiff reported this conduct to Bridgestone's hotline in July 2019.

6. That the defendant Bridgestone discriminated against plaintiff by placing her on a performance improvement plan for her store beginning in September 2019. That plaintiff's performance was not worse than other similarly situated male store managers in the territory yet she was the one placed on the performance improvement plan.

7. That on December 9, 2019 plaintiff was demoted from her store manager position with Bridgestone.

8. That the demotion constituted discrimination on the basis of Kristy's sex in that other similarly situated male store managers were not held to the same performance standards as the plaintiff, and also were not placed on performance improvement plans nor were demoted.

9. That the defendant offered Kristy a service manager position on or about December 9, 2019, at a rate of pay which was less than what it was paying male service managers in that same or similar position.

10. That as a direct and proximate result of the defendant's Bridgestone's acts of sex discrimination plaintiff has sustained damages equal to her lost back pay, she has sustained emotional distress damages for which she is entitled to compensatory damages, she is entitled to reinstatement to her former position as store manager or in lieu thereof front pay and she is entitled to recover her attorney's fees and the costs of this action.

WHEREFORE, Kristy Marken hereby requests that this court enter an order and against the defendant Bridgestone in an amount equal to her back pay, an award of compensatory damages, reinstatement to her former position or in lieu thereof front pay and award for her attorney's fees and costs of this action.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

                                                                     Kristy Marken, Plaintiff

                                                                     /s/ Stephen T. Fieweger

Stephen T. Fieweger
5157 Utica Ridge Road
Davenport, IA 52807
Phone: 563.424.1982
Fax: 563.424.1983
Email: sfieweger@fiewegerlaw.com

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**     SEP 1 4 2020

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Kristy Marken<br>2435 W. 57th Street<br>Davenport, IA 52806 | From: Milwaukee Area Office<br>310 West Wisconsin Ave<br>Suite 500<br>Milwaukee, WI 53203 |

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 440-2020-02795 | Shannon M. Lemke, Investigator | (414) 662-3706 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Julianne Bowman/Th*      9/10/2020

Enclosures(s)      **Julianne Bowman,**      *(Date Mailed)*
**District Director**

cc: Peter A. Malanchuk      Stephen T. Fieweger, Esq.
Senior Counsel, Labor and Employment      STEPHEN T. FIEWEGER LAW
Bridgestone Retail Operations, LLC      5157 Utica Ridge Rd
200 4th Ave. South      Davenport, IA 52807
Nashville, TN 37201

**EXHIBIT 1**